Matter of Hodge v New York City Tr. Auth. (2020 NY Slip Op 01008)





Matter of Hodge v New York City Tr. Auth.


2020 NY Slip Op 01008


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


159612/18 11007 655191/18 11006

[*1] In re Mark Hodge, Petitioner-Appellant,
v
New York City Transit Authority, Respondent-Respondent.
In re Mark Hodge, et al., Petitioners-Appellants,
v
New York City Transit Authority, Respondent-Respondent.


Advocates for Justice, New York (Arthur Z. Schwartz of counsel), for appellant.
Office of the General Counsel, Brooklyn (Byron Z. Zinonos of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about March 7, 2019, denying the petition to annul an arbitration award, dated November 8, 2018, (index No. 655191/18), which upheld respondent's termination of petitioner Hodge's employment, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs. Order and judgment (one paper), same court and Justice, entered on or about March 7, 2019 (index No. 159612/18), denying the petition to annul respondent's determination, dated October 8, 2018, which denied petitioner's request for reinstatement to his employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The termination of petitioner Hodge's employment based on conduct that, if proven in court, would have constituted a felony was not against public policy (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 7 [2002]). Correction Law article 23-A provides that "no employment . . . held by an individual . . . shall be . . . acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses" (Correction Law § 752) where the conviction "preceded such employment" (Correction Law § 751). The conviction at issue occurred during Hodge's employment and was, therefore, not covered by the referenced Correction Law (Martino v Consolidated Edison Co. of N.Y., Inc., 105 AD3d 575 [1st Dept 2013]).
Similarly, the New York City Human Rights Law (NYCHRL) makes it an unlawful discriminatory practice to "take adverse action against any employee by reason of such . . . employee having been convicted of one or more criminal offenses . . . when such . . . adverse action is in violation of the provisions of article 23-a of the correction law" (Administrative Code of City of NY § 8-107[10][a]).
Nor does Administrative Code § 8-107(11)(a) apply to this matter. Section 8-107(11)(a) prevents adverse employment actions based on arrests or criminal accusations when "in violation of subdivision 16 of section 296 . . . of the executive law." Executive Law § 296(16) " simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law'" (Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128, 130 [1993]). Hodge pleaded guilty based upon the [*2]offending acts. Thus they were more than accusations.
Respondent's denial of petitioner's request for reinstatement was not arbitrary and capricious (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). Under governing regulations, an agency "may consider such application" but is not required to do so, and any approval thereof is discretionary (Personnel Rules & Regs of City of NY [55 RCNY Appendix A] § 6.2.6[a]-[b]; see Silberzweig v Doherty, 76 AD3d 915 [1st Dept 2010], lv denied 16 NY3d 709 [2011]). It was not irrational for respondent to conclude that in seeking reinstatement, petitioner merely sought to relitigate issues presented approximately six weeks before his reinstatement request, and decided three weeks beforehand by a neutral arbitrator in the grievance proceeding pursuant to a collective bargaining agreement, which resulted in his termination.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK