Matter of One Ninety Sixth St, LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 07273)





Matter of One Ninety Sixth St, LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 07273


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2019-08977
 (Index No. 5070/18)

[*1]In the Matter of One Ninety Sixth St, LLC, respondent,
v
New York State Division of Housing and Community Renewal, appellant.


Mark F. Palomino, New York, NY (Sandra A. Joseph of counsel), for appellant.
Horing Welikson Rosen & Digrugilliers, P.C., Williston Park, NY (Jillian N. Bittner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 4, 2018, which, inter alia, upheld the determination of a Rent Administrator dated May 19, 2017, the New York State Division of Housing and Community Renewal appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered April 10, 2019. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an original determination in a judgment of the same court (Thomas D. Raffaele, J.) entered October 4, 2018, denying that branch of the petition which was to annul so much of the determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal as set the legal regulated rent for the apartment at issue, and thereupon, granted that branch of the petition and remitted the matter to the New York State Division of Housing and Community Renewal for a new determination of the amount of the legal regulated rent.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the judgment entered October 4, 2018, denying that branch of the petition which was to annul so much of the determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal as set the legal regulated rent for the apartment at issue is adhered to.
In June 2018, the petitioner, One Ninety Sixth St, LLC (hereinafter the owner), the owner of a rent-stabilized apartment building in Queens (hereinafter the premises), commenced this proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) dated May 4, 2018, which, inter alia, upheld the determination of a Rent Administrator dated May 19, 2017, in favor of a tenant of the premises and against the owner.
The Rent Administrator determined, inter alia, that a lease entered into between the tenant and the owner in October 2012 included an impermissible clause that provided that, if the [*2]tenant made timely payment of rent, the tenant could pay an on-time discounted rent (hereinafter the discounted rent), but if the tenant failed to timely pay the rent, in effect, the tenant would be responsible for a late fee of approximately 45% to 53% over the discounted rent. The Rent Administrator determined that the owner had overcharged the rent paid by that tenant, deemed that the provision in the lease setting forth an amount for an "on-time discounted rent" constituted the legal regulated rent, plus subsequent lawful increases, and assessed treble damages against the owner and in favor of the tenant.
Upon administrative review, the DHCR, inter alia, upheld the Rent Administrator's determination, agreeing that the discounted rent set forth in the lease was not a preferential rent within the meaning of the Rent Stabilization Law and Code and that the difference between the discounted rent and the nondiscounted rent (hereinafter the discount) instead amounted to an impermissible excessive late charge. The DHCR found that the Rent Administrator correctly determined that the owner overcharged the tenant rent in the amount of $2,048.20, set the discounted rent as the legal regulated rent as adjusted by lawful increases, and imposed treble damages in the amount of $3,670.48.
In a judgment entered October 4, 2018, the Supreme Court denied the owner's petition and, in effect, dismissed the proceeding. The owner then moved for leave to reargue. In an order entered April 10, 2019, the court granted leave to reargue and, upon reargument, granted that branch of the petition which was to annul so much of the DHCR determination as set the legal regulated rent for the apartment at issue, and remitted the matter to the DHCR for a new determination of the amount of the legal regulated rent. The DHCR appeals from the order.
In general, a reviewing court must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise (see Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d 403, 406; see also Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359, 371). Accordingly, a reviewing court may not disturb an agency's determination unless there is no rational basis for the exercise of discretion or that determination is arbitrary and capricious (see Matter of Rania Mesiskli, LLC v New York State Div. of Hous. & Community Renewal, 166 AD3d 625, 626; see e.g. Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d at 406).
Here, for the reasons set forth in Matter of Kings Park 8809, LLC v New York State Dept. of Housing & Community Renewal (___ AD3d ___ [decided herewith]), the discounted rent charged by the owner did not constitute a preferential rent within the meaning of the Rent Stabilization Law and Code and, since the maximum permissible late fee that could be charged was 5%, the discount instead amounted to an impermissible excessive late charge. Upon reargument, the Supreme Court properly upheld the DHCR determination that the owner had overcharged the tenant and treble damages were warranted. However, in determining that the DHCR determination should not have deemed the discounted rent as adjusted by lawful increases to be the legal regulated rent, the court improperly substituted its judgment for that of the DHCR (see e.g. Matter of Peckham v Calogero, 12 NY3d 424, 431; Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d at 406). Given the circumstances, the DHCR determination setting the discounted rent as the legal regulated rent as adjusted by lawful increases was supported by a rational basis and was not arbitrary and capricious.
The owner's remaining contentions are either without merit or not properly before this Court.
Accordingly, upon reargument, the Supreme Court should have adhered to the prior determination in the judgment denying that branch of the petition which was to annul so much of the DHCR determination as set the legal regulated rent for the apartment at issue.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court