Matter of 118 Duane LLC v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 00023)

Matter of 118 Duane LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 00023

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 158893/18 Appeal No. 17030 Case No. 2022-00270 

[*1]In the Matter of 118 Duane LLC, Petitioner-Appellant-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, Jim Farmer et al., Respondents-Respondents-Appellants, Alan Peters et al., Respondents.

Kucker Marino Winiarsky & Bittens, LLP, New York (Joseph Goldsmith of counsel), for appellant-respondent.
David Rozenholc & Associates, New York (David Rozenholc of counsel), for respondents-appellants.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Jeffrey G. Kelly of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered on or about December 21, 2021, which granted the petition to the extent of annulling a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated July 31, 2018, which found that petitioner's proposal did not constitute demolition, and otherwise denied the petition which sought, among other things, to annul DHCR's determination affirming the denial of Landlord's application to refuse to renew leases, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to the extent of denying the part of the petition seeking to annul DHCR's finding as to demolition, and otherwise affirmed, without costs.
The court should have denied the article 78 petition in its entirety. DHCR's determination that petitioner's proposal did not constitute demolition within the meaning of the Rent Stabilization Code (9 NYCRR § 2524.5[a][2]) was based on the agency's "rational interpretation of its own regulations in its area of expertise," which is entitled to deference (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). That finding had a rational basis in that the proposal called for a portion of the second floor and adjacent stairs to remain intact to provide an emergency exit for an adjoining building, and therefore would not effectuate a "total gutting of [the] building's interior" (cf. Matter of Peckham, 54 AD3d 27, 31- 32 [1st Dept 2008], affd supra).
"DHCR erred in demanding proof of post-demolition plans for the site and funds segregated to finance such plans" (Matter of First NY LLC v New York State Div. of Hous. & Community Renewal, 208 AD3d 1095, 1097 [1st Dept 2022]). Nonetheless, DHCR had a rational basis for finding that the bank records submitted by petitioner, standing alone, were insufficient to show that petitioner had the financial ability to complete the undertaking (cf. Matter of Peckham, 12 NY3d at 432).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023