[911 NE2d 813, 883 NYS2d 751]

In the Matter of DANIEL PECKHAM, Appellant, v JUDITH A. CAL-OGERO, as Commissioner of the State of New York's Division of Housing and Community Renewal, et al., Respondents.

Argued April 1, 2009; decided May 5, 2009

## POINTS OF COUNSEL

*Nixon Peabody LLP,* New York City (*Eileen M. Cunningham* and *Matthew C. Peluso* of counsel), for appellant. I. Chelsea Partners, LLP did not have standing to appeal the decision of the Supreme Court. (*Sohn v Calderon,* 78 NY2d 755; *Matter of Rockaway One Co., LLC v Wiggins,* 35 AD3d 36; *Matter of Porter v New York State Div. of Hous. & Community Renewal,* 51 AD3d 417; *Matter of Hakim v Division of Hous. & Community Renewal,* 273 AD2d 3, 95 NY2d 887; *Matter of Sherwood 34 Assoc. v New York State Div. of Hous. & Community Renewal,* 309 AD2d 529.) II. The Division of Housing and Community Renewal acted arbitrarily and capriciously by failing to set forth and apply a standard for determining whether an owner intends to "demolish the building" pursuant to the Rent Stabilization Law and Code. (*Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144; *Matter of Montauk Improvement v Proccacino,* 41 NY2d 913.) III. The Division of Housing and Community Renewal acted arbitrarily and capriciously in its decision regarding the financial capacity of Chelsea Partners, LLC. (*Sohn v Calderon,* 78 NY2d 755.)

*Belkin Burden Wenig & Goldman, LLP,* New York City (*Magda L. Cruz, Sherwin Belkin* and *Kristine L. Grinberg* of counsel), for Chelsea Partners, LLC, respondent. I. The owner had

standing to appeal the lower court's judgment or, in the alternative, the Appellate Division properly granted the owner leave to appeal sua sponte. (*Matter of Spedicato v New York State Div. of Hous. & Community Renewal*, 241 AD2d 343; *Matter of Mid-Is. Hosp. v Wyman*, 15 NY2d 374; *Llantin v Doe*, 30 AD3d 292; *Serradilla v Lords Corp.*, 12 AD3d 279; *Matter of Price v City of New York*, 298 AD2d 113; *Matter of DeJesus v Roberts*, 296 AD2d 307; *Banks v New York State & Local Employees' Retirement Sys.*, 271 AD2d 252; *Matter of McFarland v New York State Div. of Human Rights*, 241 AD2d 108; *Bhandary v Bhandary*, 50 AD3d 612; *Natoli v Milazzo*, 35 AD3d 823.) II. The Appellate Division correctly held that the Division of Housing and Community Renewal had properly granted the owner's application. (*Catlin v Sobol*, 77 NY2d 552; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206; *Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.*, 112 AD2d 72, 66 NY2d 1032; *Rent Stabilization Assn. of N.Y. City v Higgins*, 83 NY2d 156, 512 US 1213; *Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal*, 76 NY2d 325; *NLRB v Hearst Publications, Inc.*, 322 US 111; *Sohn v Calderon*, 78 NY2d 755; *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545; *Matter of Tommy & Tina, Inc. v Department of Consumer Affairs of City of N.Y.*, 95 AD2d 724, 62 NY2d 671.) III. The Appellate Division correctly held that the Division of Housing and Community Renewal's determination that the owner demonstrated its financial ability to complete the project was rational. (*Matter of East Harlem Bus. & Residence Alliance v Empire State Dev. Corp.*, 273 AD2d 33; *Matter of Rozmae Realty v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 160 AD2d 343; *Matter of Yonkers Gardens Co. v State of N.Y. Div. of Hous. & Community Renewal*, 51 NY2d 966; *Matter of Muller v New York State Div. of Hous. & Community Renewal*, 263 AD2d 296; *Matter of Jemrock Realty Co. v New York State Div. of Hous. & Community Renewal*, 245 AD2d 92; *Matter of Wembly Mgt. Co. v New York State Div. of Hous. & Community Renewal*, 203 AD2d 118; *Matter of Lynch v New York City Employees' Retirement Sys.*, 103 AD2d 695; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756; *Matter of Klaus v Joy*, 85 AD2d 603; *Matter of Mahoney v Altman*, 63 Misc 2d 1062.) IV. The Appellate Division correctly determined that the lower court's remand directive was improper. (*Matter of Pantelidis v New York City*

*Bd. of Stds. & Appeals,* 43 AD3d 314; *Matter of Police Benevolent Assn. of N.Y. State Troopers v Vacco,* 253 AD2d 920; *Matter of Montauk Improvement v Proccacino,* 41 NY2d 913; *Matter of Board of Educ. of Pleasantville Union Free School Dist. v Ambach,* 132 AD2d 257; *Matter of Booke v Joy,* 88 AD2d 569; *Matter of Ligreci v Honors,* 162 AD2d 1010; *Matter of Porter v New York State Div. of Hous. & Community Renewal,* 51 AD3d 417; *Matter of Hakim v Division of Hous. & Community Renewal,* 273 AD2d 3; *Matter of Sherwood 34 Assoc. v New York State Div. of Hous. & Community Renewal,* 309 AD2d 529.)

## OPINION OF THE COURT

JONES, J.

Respondent Chelsea Partners, LLC (Owner) owns a three-story, 40-foot-deep building with a basement and eight residential units in Manhattan. Petitioner Daniel Peckham, the sole remaining occupant of the building, resides in an apartment subject to the Rent Stabilization Law and Code.

In May 2004, Owner filed an "Owner's Application for Order Granting Approval to Refuse Renewal of [Petitioner's] Lease and/or to Proceed for Eviction" (application) with the New York State Division of Housing and Community Renewal (DHCR). Owner plans to demolish the building and construct a six-story, 70-foot-deep building with 12 dwelling units in its place. According to Owner's plan, "[t]he Demolition will entail the removal of (a) the roof, (b) entire interior of the Building, (c) all partitions, (d) floor joints, (e) subfloors, and (f) building systems. In addition, much of the facade, and the entire rear wall of the Building will be removed." Petitioner opposed Owner's application, arguing that (1) Owner advised the New York City Department of Buildings (DOB) that the job involves "a reconstruction or an alteration" and (2) the evidence of financial ability could not be relied upon because the only thing it established was that the funds in question were held in the name of an entity other than Owner. On December 13, 2005, the Rent Administrator granted Owner's application, stating that "the owner has satisfied the conditions set forth under Section 2524.5 (a) (2) (i) of the New York City Rent Stabilization Code."[1]

One month later, petitioner filed a petition for administrative review (PAR) of the Rent Administrator's order, arguing, in

---

1. Rent Stabilization Code (9 NYCRR) § 2524.5 provides:
   "(a) The owner shall not be required to offer a renewal lease to a tenant . . . and shall file on the prescribed form an application

part, that Owner failed to provide adequate proof of its financial ability to complete the undertaking. DHCR disagreed and, by order issued July 27, 2006, denied petitioner's PAR. Subsequently, petitioner commenced this CPLR article 78 proceeding against DHCR and Owner, seeking reversal of DHCR's order denying petitioner's PAR. For the first time, petitioner challenged DHCR's standards regarding what constitutes a "demolition" and what an apartment building owner has to show in order to demonstrate its "financial ability" to perform a particular undertaking. Despite DHCR's arguments that the order denying petitioner's PAR was properly supported, Supreme Court granted the petition to the extent of remanding the matter to DHCR "to clarify the standard used to determine a 'demolition' and whether this project is a 'demolition,' and to clarify the financial ability of Chelsea [Partners] to complete the project" (2007 NY Slip Op 32087[U], *18).

Following Supreme Court's order and judgment, DHCR agreed to abide by the court order remanding the matter. Owner appealed to the Appellate Division pursuant to that court's leave grant. At the Appellate Division, DHCR sought an affirmance of Supreme Court's order. DHCR argued that (1) "articulation of a standard for demolition applications will allow for more meaningful court review and give both owners and tenants guidance in a controversial area of rent regulation that has created uncertainty and confusion" and (2) more evidence of Owner's "financial ability" is needed.

In a 3-2 decision, the Appellate Division reversed Supreme Court, concluding that the granting of the petition and remand of the matter to DHCR were improper (54 AD3d 27 [2008]). According to the court, Owner was entitled to treat DHCR's determination as final. Further, the court ruled that Supreme Court erred in finding that DHCR lacked a conclusive definition of "demolition," that DHCR's order denying petitioner's PAR was not based upon an incomplete factual record, arbitrary, capri-

with the DHCR for authorization to commence an action or proceeding to recover possession in a court of competent jurisdiction after the expiration of the existing lease term, upon any one of the following grounds: . . .
"(2) Demolition.
"(i) The owner seeks to demolish the building. Until the owner has submitted proof of its financial ability to complete such undertaking to the DHCR, and plans for the undertaking have been approved by the appropriate city agency, an order approving such application shall not be issued."

cious, irrational or contrary to law, that DHCR properly determined that Owner had the financial ability to complete the undertaking, and that Owner established its intent to demolish and replace the building in question. The court also noted that petitioner's argument regarding DHCR's lack of appropriate "demolition" standards was not properly before Supreme Court. The dissenting Justices argued in support of Supreme Court's remand to DHCR by pointing out that the agency should be allowed to exercise its legislatively granted authority to develop rent regulations and accompanying standards. Specifically, they explained that given DHCR's concessions that there is no definition of demolition in the Rent Stabilization Law or Code, that its demolition determinations have been made on a case-by-case basis and that it did not address the weakness of the evidence regarding Owner's financial ability, Supreme Court's remand would give DHCR the opportunity to create standards courts could employ in determining whether DHCR's determinations are rationally based. Petitioner appeals as of right, pursuant to CPLR 5601 (a), and we now affirm.[2]

Petitioner argues that Owner did not have standing to appeal Supreme Court's decision. We disagree and hold that the Appellate Division did not act in excess of its powers in granting Owner leave to appeal.

■ In addition, petitioner challenges DHCR's lack of a specific definition for the term "Demolition." This argument was not raised before the Rent Administrator or at petitioner's PAR. It was raised for the first time in the article 78 proceeding. As it is well settled that an argument "may not be raised for the first time before the courts in an article 78 proceeding" (*Matter of Yonkers Gardens Co. v State of N.Y. Div. of Hous. & Community Renewal*, 51 NY2d 966, 967 [1980]), this argument is not properly before us.

■ Petitioner further argues that the evidence of financial ability Owner submitted pertains to a different entity (Three Stars Associates, LLC) and that such evidence does not necessarily inure to the benefit of Owner. Although this argument was raised before the Rent Administrator, it was never repeated at the PAR or in the instant petition. Accordingly, we may not consider this argument.

■ However, petitioner's general arguments that DHCR's actions were arbitrary and capricious are before us. We hold that

---

2. DHCR has agreed to abide by the Appellate Division order and has not appealed to this Court.

these arguments lack merit because there was a rational basis for DHCR's determination. "In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (*Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002] [citation omitted]). An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency (*id.*). Further, courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise (*see Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]).

Here, DHCR's determination denying petitioner's PAR is consistent with its own rules and precedents; accordingly, there is a rational basis for the determination. It is of no moment that there is no precise or expansive definition of "demolition" in the Rent Stabilization Law and Code. Numerous terms and concepts lack such a definition (*see e.g.* Rent Stabilization Law [Administrative Code of City of NY] § 26-504 [a] [1] [f] [does not contain a precise definition of "primary residence"]). Further, over the years, DHCR and its predecessor, the Conciliation and Appeals Board of the City of New York (CAB), have not required the proponent of a demolition application to show that it intends to "raze the structure to the ground" (the dictionary definition of "demolition") in order to be successful. An intent to gut the interior of the building, while leaving the walls intact, has been held as sufficient (*see e.g. Matter of Villas of Forest Hills*, CAB Op No. 15,680, at 13-14 [1981]; *Matter of Mazzia*, DHCR Admin Review Docket No. PF410002OE [Sept. 27, 2002]; *Matter of Schneider*, DHCR Admin Review Docket No. TB420052RT, at 7 [Mar. 16, 2006]). Courts reviewing this interpretation of the term "demolition" have held likewise (*see e.g. Application of Gioeli*, 221 NYS2d 568 [Sup Ct, NY County 1961]; *Matter of Mahoney v Altman*, 63 Misc 2d 1062, 1064 [Sup Ct, NY County 1970]; *Matter of 412 W. 44th St. Corp.*, NYLJ, Oct. 19, 1971, at 2, col 5). Here, Owner's demolition plan comports with DHCR's long-held interpretation of "demolition."

Regarding the "financial ability" that must be shown before a demolition application is granted, DHCR has stated

that "[e]vidence of financial ability to complete the project may include a Letter of Intent or a Commitment Letter from a financial institution, or such other evidence as DHCR may deem appropriate under the circumstances" (DHCR Operational Bulletin 2002-1). Here, Owner submitted (1) a printout from JP-Morgan Chase Bank verifying that a bank account had been opened and funded in the amount of $4,800,000 and (2) a letter indicating that these funds were to be applied toward Owner's demolition/construction project. Although the letter was addressed to Three Stars Associates, LLC, there was ample basis for DHCR to infer that this entity and Owner were affiliates; that is, the addressee of the letter (Mr. Larry Tauber) is the principal and agent of both entities. Further, according to the letter, Mr. Tauber indicated how the funds in the bank account would be used. In accordance with DHCR's procedure, therefore, Owner has demonstrated the requisite financial ability.

As there is a rational basis for DHCR's order denying petitioner's PAR, we hold that Owner is entitled to treat this determination as final. Because Owner has satisfied DHCR's requirements and obtained the necessary approvals, it should be able to proceed with its demolition project without the threat of having to revisit the entire administrative process. To be sure, DHCR has a great deal of authority to modify the orders it renders and the regulations—along with accompanying standards—it administers. However, the question here is not whether DHCR can change its regulations, standards or orders (it certainly can), but when. Here, DHCR may not get what amounts to a second chance to rule on Owner's application *after* setting and applying a new standard regarding what constitutes a "demolition." DHCR may, of course, modify its standards, but it must apply them on a going forward basis.[3]

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, with costs.

---

**3.** Under DHCR's proposed demolition regulations, which will amend Rent Stabilization Code § 2524.5 (a) (2), "demolition" is defined in a manner consistent with DHCR's application in this case.