■ In the Matter of JOSEPH E. FODOR et al., Appellants, v N.Y.S. DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 230 RIVERSIDE LLC, Intervenor-Respondent. [912 NYS2d 199]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered April 29, 2009, dismissing a CPLR article 78 proceeding to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR) that had granted an application by the owner of the building in which petitioners reside to change from master metering to direct metering, unanimously affirmed, without costs.

DHCR's determination not to require the owner to upgrade the wiring inside each apartment is rationally based (*see generally Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]) on an affidavit from a licensed electrical engineer stating that every apartment would be able to utilize modern appliances after the owner's proposed improvements were implemented, and that the rewiring would benefit the tenants even without an increase in amperage. By contrast, the tenants, including petitioners, submitted no affidavits from licensed electrical engineers. To the extent that petitioners' claim that the owner's rewiring is unsafe is based on a fire that occurred at the premises after DHCR's determination, such evidence may not be considered on this appeal (*see Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104, 110 [2005]). Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.