Matter of Nichols v New York City Dept. of Bldgs. Licensing Unit (2019 NY Slip Op 07524)





Matter of Nichols v New York City Dept. of Bldgs. Licensing Unit


2019 NY Slip Op 07524


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10136 101204/17

[*1] In re Tyrone Nichols, Petitioner-Appellant,
v
The New York City Department of Buildings Licensing Unit, et al., Respondents-Respondents.


Tyrone Nichols, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Kevin Osowski of counsel), for respondents.



Judgment, Supreme Court, New York County (Carmen Victoria St. George, J.), entered May 8, 2018, denying the petition to annul the determination of respondent New York City Department of Buildings, dated April 27, 2017, which denied petitioner's application for renewal of his Site Safety Coordinator certificate, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The denial of petitioner's application to renew his Site Safety Coordinator (SSC) certification (see Administrative Code of City of NY § 3310.5) on the ground that petitioner made material false statements and demonstrated poor moral character in his original application for certification (see Administrative Code § 28-401.19[2], [13]) has a rational basis (see Matter of Cambridge v Commissioner of N.Y. City Dept. of Bldgs., 14 AD3d 373 [1st Dept 2005]; Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). In his initial application, petitioner was required to disclose whether any "licenses/certifications/registrations issued to [him]" had ever been revoked. Petitioner failed to report that he had been authorized as an OSHA outreach trainer and that his authorization had been revoked because he failed to comply with OSHA requirements and falsified safety certificates. While petitioner's OSHA credentials may not have been labeled a license, certification, or registration, his OSHA responsibilities were substantially similar to those of an SSC (see Administrative Code §§ 3310.8.1-8.6). Therefore, respondent rationally concluded that petitioner was required to disclose the revocation of those credentials. Moreover, respondent rationally concluded that petitioner exhibited poor moral character by failing to disclose OSHA's determination that he falsified agency documents (see e.g. Matter of Fronshtein v Chandler, 150 AD3d 552 [1st Dept 2017], lv denied 30 NY3d 910 [2018]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK