Matter of Malone v New York State Div. of Hous. & Community Renewal (2019 NY Slip Op 09372)





Matter of Malone v New York State Div. of Hous. & Community Renewal


2019 NY Slip Op 09372


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10651 150814/18

[*1] In re Georgia Malone, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, Trafalgar Company, Intervenor Respondent-Respondent.


Fischman & Fischman, New York (Doreen J. Fischman of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for New York State Division of Housing and Community Renewal, respondent.
Kucker & Bruh, LLP, New York (Daniel Gewirtz of counsel), for Trafalgar Company, respondent.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered May 20, 2019, denying the petition to vacate a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated January 5, 2018, which found that petitioner's apartments are not subject to rent stabilization, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination that petitioner's apartments are not subject to rent stabilization has a rational basis in the record (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]), from which DHCR concluded that the apartments were deregulated in 1995 due to high-rent vacancy, pursuant to former Administrative Code of City of NY § 26-504.2, and that the base date rents were not unreliable (see Administrative Code § 26-516[h][i]; see also Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367 [2010]). DHCR considered all the available evidence of the units' history back to the early 1990s, including an asserted unexplained rent increase for one apartment that the landlord claimed to have substantially changed, and an alleged fraudulent scheme to deregulate both units that purportedly began years before high-vacancy rent deregulation was authorized by law, and its interpretation of the data and the inferences to be drawn therefrom is not irrational or unreasonable (see Matter of Wembly Mgt. Co. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 205 AD2d 319 [1st Dept 1994], lv denied 85 NY2d 88 [1995]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK