Matter of Whitman v State of New York Div. of Hous. & Community Renewal (2020 NY Slip Op 00981)





Matter of Whitman v State of New York Div. of Hous. & Community Renewal


2020 NY Slip Op 00981


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10982 160535/16

[*1] In re Brook D. Whitman, Petitioner-Appellant,
v
State of New York Division of Housing and Community Renewal, et al., Respondents-Respondents.


Brook D. Whitman, appellant pro se.
Mark F. Palomino, New York (Martin B. Schneider of counsel), for State of New York Housing and Community Renewal, respondent.
Judith M. Brener, New York (David L. Hamill of counsel), for Sol Goldman Investments LLC, respondent.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 13, 2017, denying the petition to vacate a determination of respondent State of New York Division of Housing and Community Renewal (DHCR), dated October 25, 2016, which upheld an upward adjustment of the maximum base rent (MBR) for petitioner's rent-controlled apartment for the 2016-2017 biennial period, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's denial of petitioner's challenge to the upward adjustment of his rent was not arbitrary and capricious (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). Petitioner does not dispute that respondent landlord made all certifications required for MBR eligibility (9 NYCRR 2202.3[b][2], [h]). An audit of the building was not required, as "[t]he extent to which the agency exercises its right to audit is . . . a matter of administrative discretion" (Matter of Tenants' Union of W. Side v Beame, 40 NY2d 133, 139 [1976]; see Administrative Code of City of NY § 26-405[a][4]). DHCR's interpretation of its own regulation governing biennial MBR adjustments, which requires landlords to certify that they corrected "all rent-impairing violations" and "at least 80 percent of all other violations of the Housing Maintenance Code or Multiple Dwelling Law" on record with the New York City Department of Housing Preservation and Development (9 NYCRR 2202.3[h]), is reasonable and entitled to deference (Matter of Peckham, 12 NY3d at 431).
Petitioner's challenge to the methodology used to calculate the MBR using a city-wide standard adjustment factor is presented for the first time on appeal, and is therefore not reviewable (see Matter of Peckham, 12 NY3d at 430). In any event,
petitioner proffers no reason to overturn Court of Appeals precedent approving this method (see Matter of Tenants' Union, 40 NY2d at 136-137).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK