Matter of 383 8th LLC v City of New York (2021 NY Slip Op 06027)





Matter of 383 8th LLC v City of New York


2021 NY Slip Op 06027


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 100773/19 Appeal No. 14549 Case No. 2020-03322 

[*1]In the Matter of 383 8th LLC, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.


Kucker Marino Winiarsky & Bittens, LLP, New York (Jason M. Frosch of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondents.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered March 4, 2020, denying the petition to annul a determination of respondent New York City Loft Board, dated January 17, 2019, which denied petitioner's abandonment application, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The Loft Board's determination that petitioner failed to meet its burden to show that "no family member, as defined in 29 RCNY § 2-08.1(c)(3)," would be "denied the benefits of succession rights in accordance with 29 RCNY § 2-08.1" (29 RCNY 2-10[f][2]) if the abandonment application were granted had a rational basis and was not arbitrary and capricious (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). The court properly deferred to the Loft Board's reasonable interpretations of its own regulations (see id.), including the regulation placing the burden of proof on the applicant (29 RCNY 1-06[i][4]). The statement of the building owner's president that the deceased tenant of record "lived alone," without supplying the basis for this assertion, was insufficient, given the absence of any further information such as when the tenant lived alone. The Board also had a rational basis for finding that petitioner did not meet its burden by showing that the tenant's parents and sister did not respond to copies of the application that were mailed to them. While those facts could support an abandonment application, the Board rationally found, under the circumstances of this case, that they were insufficient, without more, to establish that no one would be denied the benefits of succession rights if the unit were deemed abandoned.
Petitioner's claim of agency bias is unpreserved (see Matter of LAWS Constr. Corp. v Contract Dispute Resolution Bd., 145 AD3d 523, 524 [1st Dept 2016], lv denied 29 NY3d 911 [2017]), and this Court has "no discretionary authority or interest of justice jurisdiction in reviewing the agency's determination" (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021