Matter of MDS Assoc., Inc. v New York State Dept. of Economic Dev. (2023 NY Slip Op 04011)

Matter of MDS Assoc., Inc. v New York State Dept. of Economic Dev.

2023 NY Slip Op 04011

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

337 CA 22-00602

[*1]IN THE MATTER OF MDS ASSOCIATES, INC., PETITIONER-RESPONDENT,
v
NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, DIVISION OF MINORITY AND WOMEN'S BUSINESS DEVELOPMENT, RESPONDENT-APPELLANT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
COLLIGAN LAW, LLP, BUFFALO (ERICK KRAEMER OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered February 10, 2022, in a proceeding pursuant to CPLR article 78. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner, MDS Associates, Inc. (MDS), commenced this CPLR article 78 proceeding seeking to annul a determination that denied its application for recertification of MDS as a women-owned business enterprise (WBE) (see Executive Law § 310 [15]; 5 NYCRR 144.2). MDS is a distributor of personal protective equipment and other products. From its incorporation in 1986 until 2010, Marianne Stec (Marianne) was the 51% owner and Donald Stec (Donald) was the 49% owner. In approximately 1991, MDS was certified by respondent, New York State Department of Economic Development, Division of Minority and Women's Business Development (Division), as a WBE. In 2010, Marianne and Donald, respectively, transferred their ownership interests to their daughter-in-law Sarah Stec (Sarah) and their son Chris Stec (Chris).
In 2016, MDS applied for recertification as a WBE, but the Division denied the application, based on MDS's failure to meet three eligibility criteria related to Sarah's ownership and control of MDS. MDS filed an administrative appeal. The Administrative Law Judge (ALJ) recommended that the determination be affirmed, and the Executive Director of the Division accepted that recommendation.
Supreme Court granted MDS's petition, remitted the application for WBE certification to the Division, and directed the Division to grant the application. The Division appeals. We reverse the judgment and dismiss the petition.
" 'In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious' " (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see generally CPLR 7803 [3]). Here, we agree with the Division that its determination is supported by a rational basis and is not arbitrary and capricious.
It was rational for the Division to determine that Sarah's contribution was not proportionate to her equity interest in the business enterprise (see 5 NYCRR 144.2 [former (a) (1)]). After the Division received MDS's initial application, it requested, among other things, "a [*2]detailed narrative showing how [Sarah's] . . . contribution of money, property, equipment or expertise is proportionate to" her 51% ownership interest. With respect to that request, MDS submitted a brief response stating that there was no corresponding documentation because Sarah had been gifted 51% of the company by Marianne so that MDS could keep its status as a WBE. MDS also submitted documents summarizing, inter alia, Sarah's and Chris's respective duties in the business.
We conclude that the record properly before the ALJ established that Chris contributed more significant expertise than Sarah, who mainly handled administrative tasks, and that a rational basis exists for the Division's determination that Sarah's contributions were not proportionate to her 51% equity interest.
Inasmuch as we conclude that the Division's determination has a rational basis on that ground, it is not necessary for us to address the other two bases for the Division's determination (see Matter of Occupational Safety & Envtl. Assoc., Inc. v New York State Dept. of Economic Dev., 161 AD3d 1582, 1583 [4th Dept 2018], lv denied 32 NY3d 904 [2018]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court