## 251 W. 74 Owners Corp. v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 30488(U)

February 14, 2024

Supreme Court, New York County

Docket Number: Index No. 159165/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-----------------------------------------------------------------------------------X

251 WEST 74 OWNERS CORP.,

                                        Petitioner,

                                    - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL, PAMELA TRESTER,
SALVATORE VITTO, MARK BLACK, LAURIE WOLKO

                                        Respondents.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159165/2023 |
| **MOTION DATE** | 01/19/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for                              ARTICLE 78                              .

The petition to vacate the decision by New York State Division of Housing and

Community Renewal ("DHCR") is granted.

**Background**

Petitioner is the owner of a co-op building located at 251 West 74th Street in Manhattan.

Respondents Trester, Vitto, Black and Wolko (rent stabilized tenants, hereinafter "tenants[1]") rent

their units from the shareholder Covington Realty, LLC ("Covington").  Covington owns the

shares associated with several units in the building. The tenants filed a DHCR complaint against

petitioner seeking a rent reduction after the building's washer and dryer became inoperable.

Although the DHCR complaint raised the possibility that Covington might receive less

rent from the tenants, Covington was never named or served in the underlying DHCR case.

---

[1] Technically, these people are actually subtenants because they rent the unit from the proprietary lessee and not directly from the petitioner.  Nevertheless, they are rent stabilized tenants and will be referred to here as tenants. But it is important to note that they are not tenants of petitioner and do not pay rent to petitioner.

159165/2023   251 WEST 74 OWNERS CORP., vs. NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL ET AL
Motion No.  001

Page 1 of 6

1 of 6

Instead, the DHCR complaint named "251 West 74 Owners Corp c/o Sackman Enterprises, LLC." (NYSCEF Doc. No. 21). Although Sackman Enterprises, LLC is the managing agent for both petitioner and Covington, Covington was never directly named as a party or served in the administrative proceeding.

Petitioner claims it never received notice of the underlying proceeding wherein DHCR issued an initial rent reduction to the tenants (although the DHCR did not deem that assertion credible [NYSCEF Doc. No. 2, n 4]). Following the initial decision, petitioner filed a Petition for Administrative Review ("PAR"), claiming that it was the wrong entity to receive the rent reduction order because Covington owns the apartment shares and is the entity collecting rent from the tenants. Petitioner requested that the order be vacated because petitioner had no landlord/tenant relationship with Tenants and there was no basis to impose the order.

DHCR denied petitioner's request. According to DHCR, the Rent Stabilization Code and the General Business Law must be read in conjunction with one another to understand what the term "owner" contemplates. Specifically, General Business Law ("GBL") § 352-eeee (3) provides:

> All dwelling units occupied by non-purchasing tenants shall be managed by the same managing agent who manages all other dwelling units in the building or group of buildings or development. Such managing agent shall provide to non-purchasing tenants all services and facilities required by law on a non-discriminatory basis. The offeror shall guarantee the obligation of the managing agent to provide all such services and facilities until such time as the offeror surrenders control to the board of directors or board of managers, at which time the cooperative corporation or the condominium association shall assume responsibility for the provision of all services and facilities required by law on a non-discriminatory basis.

Thus, DHCR found that "all owners, including managing agents, have overlapping virtually concurrent responsibility to provide required services," (NYSCEF Doc. No. 18 at 5). Additionally, DHCR held that if an agent does not provide required services, "responsibility lies

159165/2023   251 WEST 74 OWNERS CORP., vs. NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL ET AL
Motion No. 001

Page 2 of 6

2 of 6

[* 2]

with the sponsor, co-op corporation/condo association, as well as the proprietary lessee/condo unit owner." (*id*. at 5). Thus, DHCR found that owner does not just mean individual unit owner, and petitioner, as owner of the co-op, is obligated to maintain building-wide services.

Petitioner now brings this proceeding to vacate the PAR decision issued by DHCR. Petitioner contends that the decision twisted the definition of owner too much and disregarded the fact that tenants did not name the unit shareholder, Covington, in the complaint, and that the tenants do not pay any rent directly to petitioner.

In opposition, respondent DHCR contends that the PAR decision was neither arbitrary nor capricious. DHCR argues that it properly named the petitioner as the owner of the building and properly reduced the rents of the tenants. Furthermore, it contends that the administrative record clearly shows that the PAR decision has a rational basis. DHCR asserts that owners of buildings with rent regulated apartments must maintain services to the rent-stabilized tenants, and any lack of maintenance may result in a reduction of rent for the tenants. Respondent argues that DHCR properly relied on General Business Law to conclude that petitioner is the appropriate entity named in the complaint, as it bears responsibility to provide services to rent stabilized tenants. Furthermore, the Rent Stabilization Code defines an owner to include co-operative corporations, as control of the building area is held by petitioner, not any one apartment owner such as a landlord.

In reply, petitioner contends that DHCR erroneously relied on General Business Law because this statutory framework was meant to apply to condominiums that were undergoing a conversion to a cooperative. Because the building at issue converted over thirty years ago, this law does not apply. Petitioner further argues that DHCR erroneously conflated the owner and the managing agent of a building (Sackman Enterprises, LLC), when the statute does not

**159165/2023   251 WEST 74 OWNERS CORP., vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL
Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

contemplate these separate entities as interchangeable. Petitioner asserts that the rent reduction affects only non-party Covington and is therefore a clear violation of due process.

**Discussion**

"In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious. An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency. Further, courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of Peckham v Calogero*, 12 NY3d 424, 431, 883 NYS2d 751 [2009] [internal quotations and citations omitted]).

"An elementary and fundamental requirement of due process is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*McCann v Scaduto*, 71 NY2d 164, 173, 524 NYS2d 398 [1987] [internal citations and quotations omitted]).

The petition is granted. Quite simply, the DHCR ordered that these tenants did not have to pay to *Covington* the amount listed in the lease without ever naming *Covington* in the case or notifying Covington that its tenants were seeking a rent reduction. The entire process was done without giving Covington notice and that is a clear violation of due process. Certainly, before an administrative agency issues an order that, in effect, takes money away from Covington, it is necessary that Covington be given notice and an opportunity to be heard.

159165/2023   251 WEST 74 OWNERS CORP., vs. NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL ET AL
Motion No.  001

Page 4 of 6

As noted by petitioner, any rent reduction necessarily affects a party that was not included in the initial complaint filed with DHCR—Covington. Even though Covington and petitioner share the same managing agent as required by GBL § 352-eeee (3) (cited above), that does not mean that they are one entity or interchangeable. Sackman Enterprises LLC was only serving as an agent of petitioner when it received the papers naming petitioner. The Court cannot simply assume that this notice was "good enough" where Covington was not named in the DHCR complaint.

The fact is that due process is about fairness. Here, there is a DHCR order that reduces the rent owed to an entity that never had a chance to appear and have a say in the proceedings before DHCR. It may be that the decision would be the same had Covington appeared – no one contests that the laundry facilities were shut down. But Covington should still have been given notice and the opportunity to be heard.

DHCR's reliance on General Business Law § 352-eeee(3) to extract a definition for the term "owner" as referred to in the Rent Stabilization Law does not compel a different outcome. The issue presented here is not who constitutes an owner, but what party has an interest in the complaint filed by the tenants. It is obvious that the party who receives monthly rental payments, Covington, has an interest in an administrative proceeding where the payments it receives are reduced.

No amount of sophistry concerning the definition of owner changes the simple fact that the DHCR issued an order directly affecting Covington despite knowing full well that Covington was never named, served, or appeared in this case. Not only is Covington an essential party to a case where monies due to it are lowered, but the petitioner here, the building owner, has no right to collect or forgive any rent the tenants owe to Covington. While the petitioner may be

**159165/2023   251 WEST 74 OWNERS CORP., vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

**Page 5 of 6**

5 of 6

responsible to restore the services, no order can be made regarding the rent owed to Covington without Covington being named and served.

Accordingly, it is hereby

ADJUDGED that the petition is granted and the DHCR's rent reduction order and all monetary findings and rent reductions are vacated as Covington was not named; and it is further

ORDERED that Petitioner shall recover from respondent costs and disbursements related to this proceeding as awarded by the Clerk upon presentation of proper papers therefor.

| 2/14/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159165/2023   251 WEST 74 OWNERS CORP., vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

**Page 6 of 6**

[* 6]