Matter of 58E83 Realty, LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 02132)

Matter of 58E83 Realty, LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 02132

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 154642/23 Appeal No. 2116 Case No. 2024-00042 

[*1]In the Matter of 58E83 Realty, LLC, Appellant,
v
New York State Division of Housing and Community Renewal et al., Respondents.

Law Offices of Martin Eisenberg, White Plains (Martin Eisenberg of counsel), for appellant.
Mark F. Palomino, General Counsel, New York (Aida P. Reyes of counsel), for New York State Division of Housing and Community Renewal, respondent.
Edward J. Filemyr IV, New York, for Connie E. Leslie, respondent.
Himmelstein McConnell Gribben & Joseph LLP, New York (David Hershey-Webb of counsel), for Sylvia G. Asher, respondent.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered December 8, 2023, denying the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated March 24, 2023, which affirmed the denial of petitioner's applications to decline to renew the leases of two tenants and to commence eviction proceedings against those tenants so that petitioner could demolish the building, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination was not in violation of law, nor was it arbitrary and capricious (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). DHCR's Operational Bulletin 2009-1, issued under Rent Stabilization Law § 26-511(c)(9)(a) and Rent Stabilization Code § 2524.5(a)(2)(i), provides that "[e]vidence of financial ability to complete the [demolition] project may include a Letter of Intent or a Commitment Letter from a financial institution, or such other evidence as DHCR may deem appropriate under the circumstances." In this case, petitioner did not submit a letter of intent or commitment from a financial institution, and under the particular circumstances herein, DHCR had a rational basis for finding that the evidence petitioner did submit, including affidavits and a brokerage account statement, was insufficient to establish its financial ability to complete the demolition project (see Matter of 118 Duane LLC v New York State Div. of Hous. & Community Renewal, 212 AD3d 401, 402 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024