Matter of 2406 Realty LLC v Department of Hous. Preserv. & Dev. for the City of N.Y. (2024 NY Slip Op 06147)

Matter of 2406 Realty LLC v Department of Hous. Preserv. & Dev. for the City of N.Y.

2024 NY Slip Op 06147

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, JJ. 

Index No. 804648/23 Appeal No. 3217 Case No. 2024-01644 

[*1]In the Matter of 2406 Realty LLC, Petitioner-Respondent,
v
Department of Housing Preservation and Development for the City of New York, et al., Respondents-Appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York (Martine K. Rowe III of counsel), for appellant.
Goldschein Law Practice, Brooklyn (Eytan M. Goldschein of counsel), for respondent.

Judgment (denominated an order), Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered on or about December 28, 2023, granting the petition to annul respondents' determinations, dated November 19, 2022 and August 19, 2023, which billed petitioner for relocation charges for a former occupant of petitioner's building, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Respondents' determinations were supported by a rational basis (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). The order to vacate the basement of petitioner's building stated that it was converted into "Sleeping Quarters" without a permit or certificate of occupancy and had "No Natural Light" or "Ventilation." Because the reason for vacating "pertain[ed] to the maintenance . . . of [the] building or the health, safety and welfare of its occupants" (Administrative Code of City of NY § 26-301[1][a][v]), respondent Department of Housing Preservation and Development (HPD) was required to provide relocation services for vacating occupants.
The former occupant proved his identity by submitting a New York State identification card mailed to him at the vacated address (see 28 RCNY 18-01[b][1]). HPD rationally accepted his Social Security card, issued January 8, 2022, and a T-Mobile bill, dated February 7, 2022, both of which were mailed to him at the vacated address, as establishing occupancy under 28 RCNY 18-01(b)(1) (see 28 RCNY 18-01[b][1][ii][B] ["Documentation of residency may include . . . any two of the" enumerated documents, including "(a) a valid government-issued identification listing the Former Apartment as the Claimant's address;" "(e) a valid, current utility bill addressed to the Claimant at the Former Apartment;" and "(g) any other forms of verification that [HPD] may deem appropriate"]; see also New York City Administrative Code § 26-301[7][a]).
Petitioner cites no legal provision requiring the occupant to prove legal occupancy for a certain number of days prior to the vacate order (see 28 RCNY 18-01[b][1] [permitting proof of occupancy by either "a lease . . . or . . . any two of" the enumerated alternative documents]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024