Matter of Welde v New York City Dept. of Envtl. Protection (2025 NY Slip Op 02431)

Matter of Welde v New York City Dept. of Envtl. Protection

2025 NY Slip Op 02431

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ.

Index No. 154338/23|Appeal No. 4168|Case No. 2024-01780|

[*1]In the Matter of Ernest Logan Welde, Petitioner-Appellant,
v
New York City Department of Environmental Protection, Respondent-Respondent.

Cohen & Green PLLC, Ridgewood (Remy Green of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Sabrina Kraus, J.), entered January 31, 2024, which denied the petition to reverse determinations of respondent New York City Department of Environmental Protection (DEP), dated between January 12, 2023 and September 15, 2023, deeming "frivolous" petitioner's citizen complaints against alleged motor vehicle idlers under Administrative Code of the City of New York §§ 24-163 and 24-182, granted DEP's cross-motion to dismiss the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
City law prohibits vehicles from idling for longer than three minutes, with exceptions not relevant here (Administrative Code § 24-163[a]). The "citizen's complaint" program permits "[a]ny natural person" to "serve upon [DEP] a complaint, in a form prescribed by [DEP], alleging that a person has violated" the idling prohibition (id. § 24-182[a]). DEP may decide to pursue a citizen's complaint by initiating a proceeding against the alleged violator before the Office of Administrative Trials and Hearings (OATH) (id. § 24-182[d]). If DEP does so and prevails, the complainant is entitled to 25% of any civil penalty DEP collects (id.). If DEP both fails to pursue the complaint and fails to notify the complainant of its determination, the complainant may initiate an OATH proceeding and obtain 50% of the penalty (id. § 24-182[b], [e]). If DEP declines to pursue the complaint and notifies the complainant that the "complaint is frivolous or duplicitous," the complainant is precluded from pursuing the complaint on their own (id. § 24-182[b][2]). DEP's determinations of frivolity must be upheld if they are "supported by a rational basis" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]).
Contrary to petitioner's contentions, determinations of frivolity do not turn on purely legal questions of statutory interpretation. Rather, because a complaint must be grounded in "evidence of [the] violation" (Administrative Code § 24-182[a]), DEP's task of deciding whether a complaint is frivolous necessarily "entails an evaluation of factual data and inferences to be drawn therefrom" (Matter of Jun Wang v James, 40 NY3d 497, 502 [2023] [internal quotation marks omitted]). DEP's rational construction of the term "frivolous" to mean not based on fact or good reasons so that it is obviously not likely to succeed or not worth taking to court is entitled to deference because DEP is "applying its special expertise" in prosecuting idling violations "to interpret [the] statutory language," and its interpretation does not "run[] counter to the clear wording" of the statute (Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 102 [1997]).
DEP reasonably declined to pursue complaints for which a "previous citizen submitted the same vehicle for the same exact location and date." OATH is authorized to "[i]mpose a civil penalty in each instance" of a violation (Administrative Code[*2]§ 24-178[a][3][i]) and to "[i]mpose a separate penalty for each day on which a violation . . . shall have occurred" (id. § 24-178[a][3][ii]). OATH has determined that "[i]f idling ceases, then resumes, two idling violations have occurred," but "if the idling noted in two summonses is continuous, the second summons would be duplicative of the first . . . and should be dismissed" (New York City Dept. of Envtl. Protection v Fox News, OATH Appeal No. 2401460 at 2 [Oct. 31, 2024], quoting New York City Dept. of Envtl. Protection v Anthem Prods., OATH Appeal No. 2300465 at 1 [June 29, 2023]). Where two summonses are "issued to the same [vehicle], at the same location, on the same day, for idling that occurred" within a similar timeframe, OATH requires evidence that the idling "ceased and then resumed idling between the periods noted in the summonses" (New York City Dept. of Envtl. Protection v ABCO Facility Maintenance, OATH Appeal No. 2400367 at 1 [April 25, 2024]). DEP therefore rationally determined that second complaints concerning the same vehicle, location, and date were not worth taking to court without that evidence.
DEP also rationally declined to pursue complaints about vehicles that lacked commercial license plates. A citizen may submit an idling complaint concerning "trucks as defined in [Vehicle and Traffic Law § 158]" (Administrative Code § 24-182[a]), which defines "[t]ruck" as "[e]very motor vehicle designed, used, or maintained primarily for the transportation of property" (Vehicle and Traffic Law § 158). OATH has held that it is not necessary for a vehicle to have commercial plates to receive an idling penalty so long as there is other evidence that the vehicle meets the Vehicle and Traffic Law § 158 definition (New York City Dept. of Envtl. Protection v DiFazio Indus., OATH Appeal No. 2401285 at 1 [Sept. 26, 2024]). However, as the enforcement body, DEP is tasked with considering not only the potential merits of a given complaint, but also the impact that pursuing the complaint will have on DEP's and OATH's resources. DEP reasonably decided to use the presence of commercial plates, a standard taken from the Department of Transportation's definition of "truck" (34 RCNY 4-01), as an evidentiary shorthand for identifying complaints that are worth taking to court.
Petitioner's complaint-specific arguments here necessarily rely on details about the vehicles in question — their makes and models, the work in which they appear to be engaged, and their apparent capacity for hauling cargo. The bright-line rule adopted by DEP allows the agency to avoid expending resources preparing precisely the same burdensome factual showings before OATH, even if it means potentially losing out on some penalties. Because DEP's limitation on the category of evidence it thinks is worthy of bringing before OATH "has a rational basis," it should be sustained, "even if a different result would not be unreasonable" (Matter of Ward v City of Long Beach, 20 NY3d [*3]1042, 1043 [2013]).
We have considered petitioner's additional arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025