Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal (2025 NY Slip Op 02400)

Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal

2025 NY Slip Op 02400

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 151090/22|Appeal No. 4179|Case No. 2024-02416|

[*1]In the Matter of 197 Madison Holdings LLC, Petitioner-Respondent,
v
NYS Division of Housing and Community Renewal, Respondent-Appellant.

Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Kathleen F. Lamar of counsel), for appellant.
Horing Welikson Rosen & Digrugilliers PC, Williston Park (Brian W. Shaw of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered March 12, 2024, granting the petition to annul a determination of respondent NYS Division of Housing and Community Renewal (DHCR), dated December 8, 2021, which denied petitioner landlord's application for administrative review and affirmed an order of the DHCR Rent Administrator finding petitioner liable for rent overcharges, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Supreme Court improperly granted petitioner's application to annul DHCR's determination finding rent overcharge and rendering a rent overcharge award, as the determination was not arbitrary and capricious (CPLR 7803[3]). As we found in our prior decision regarding two other apartments in the same building, DHCR rationally found that the previous building owner collected rent overcharges (Matter of 197 Madison Holdings LLC v NYS Div. of Hous. & Community Renewal, 231 AD3d 440, 441 [1st Dept 2024]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Petitioner does not dispute that carryover liability — that is, the current owner's responsibility for all overcharge penalties, including penalties based upon overcharges collected by any prior owner (9 NYCRR 2526.1[f][2][i]) — is the general rule, not the exception, as a purchaser is "expected to do its due diligence and discover what there is to be known at the time title is acquired" (Matter of 197 Madison Holdings LLC, 231 AD3d at 440, quoting Le Bihan v 27 Wash. Sq. N. Owner LLC, 205 AD3d 616, 617 [1st Dept 2022]; see Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 549 [1997]).
Petitioner also does not challenge this Court's prior holding that where DHCR commences a rent overcharge complaint, it retains the statutory role as the finder of fact (Matter of 197 Madison Holdings LLC, 231 AD3d at 441, citing Administrative Code of City of NY § 26-516[a]). The challenged decision in this proceeding was based on facts in the record, which DHCR is authorized to evaluate, while petitioner "failed to present any evidence of actual rents collected" (Matter of Hawthorne Gardens v State of New York Div. of Hous. & Community Renewal, 4 AD3d 135, 136 [1st Dept 2004]; see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Pell, 34 NY2d at 231).
The facts are not in dispute. The rent was frozen at $126.45 per month under a December 2000 rent reduction order of the DHCR Rent Administrator, and the previous owner's rent registration, effective April 1, 2014, claimed a legal regulated rent of $207.01. The previous owner then rented the unit using a nonstabilized vacancy lease at $2,700 a month from August 28, 2014 to August 31, 2015 and filed a registration statement in 2015 claiming high-rent vacancy deregulation; however[*2], the rent reduction order was in effect through January 2020. Furthermore, petitioner failed to provide any rent ledgers when DHCR sought them during the administrative proceeding, claiming that it had "no reason to receive [them] from the prior owner" (Matter of 197 Madison Holdings LLC, 231 AD3d at 441).
We decline to revisit our prior holdings that petitioner was required to maintain records of rental payments during the applicable four-year lookback period, which includes the lease term at issue here, or that petitioner's "failure to obtain a full rental history from the prior owner when it took title to that building . . . does not excuse its failure to submit a full rental history in the overcharge proceeding" (id. [internal quotation marks and alterations omitted]; see also former 9 NYCRR § 2523.7[a]-[b]; Matter of S.E. & K. Corp. v State of New York Div. of Hous. & Community Renewal, 239 AD2d 123, 124 [1st Dept 1997]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025