Matter of Stuyvesant Town-Peter Cooper Vil. Tenants Assn. v New York State Div. of Hous. & Community Renewal (2026 NY Slip Op 00999)

Matter of Stuyvesant Town-Peter Cooper Vil. Tenants Assn. v New York State Div. of Hous. & Community Renewal

2026 NY Slip Op 00999

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 154094/21 |Appeal No. 5858|Case No. 2023-06718|

[*1]In the Matter of Stuyvesant Town-Peter Cooper Village Tenants Association, et al., Petitioners-Appellants,
vNew York State Division of Housing and Community Renewal, et al., Respondents-Respondents.

Collins Dobkin & Miller LLP, New York (Michele McGuinness of counsel), for appellants.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Christina S. Ossi of counsel), for New York State Division of Housing and Community Renewal, respondents.
Belkin � Burden � Goldman LLP, New York (Anthony Morreale of counsel), for BPP St Owners, LLC and BPP PCV Owners, LLC, respondents.

Order and judgment (one paper), Supreme Court, New York County (Alexander Tisch, J.), entered on or about December 5, 2023, which denied the petition to vacate or annul the February 26, 2021 order of respondent New York State Division of Housing and Community Renewal (DHCR) denying the petitions for administrative review of DHCR's orders granting the applications filed by respondents property owners/landlord for rent increases based on major capital improvements (MCI), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's interpretation of former Rent Stabilization Code (9 NYCRR) § 2522.4 as permitting an MCI rent increase within the useful life of an improvement if the owner did not previously obtain an MCI rent increase for such improvement is not irrational or unreasonable, and thus is entitled to deference (see Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]; see also Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). Under former Rent Stabilization Code § 2522.4(a)(2)(i)(d) one of the criteria for an MCI rent increase was that the item being replaced be beyond its "useful life," or, if not, that DHCR obtain a waiver of this requirement. The useful life for an intercom system, the major capital improvement at issue here, was 15 years (see former Rent Stabilization Code [9 NYCRR] § 2522.4[a][2][i][d][6]). It is undisputed that the prior intercom system, installed in 2001 or 2002, was within its useful life when respondents owners/landlord installed the new system at issue in 2014, that owners/landlord did not apply for a waiver prior to the 2001 or 2002 installation, and that the owners/landlord did not take an MCI rent increase for that installation. However, former Rent Stabilization Code § 2522.4(a)(8), which explains that no MCI increase will be granted within the useful life of an improvement "for which an increase was previously granted except with DHCR prior approval" has been interpretated by DHCR to mean that the useful life schedule applies specifically to cases where DHCR "previously granted" an increase, and does not apply where an MCI rent increase has not been previously granted, an interpretation that has been long-standing and is consistent with both DHCR's prior determinations and case law (see e.g. Matter of 250 Riverside Dr. Tenants' Assn. v New York State Div. of Hous. & Community Renewal, 41 Misc 3d 1209[A], 2013 NY Slip Op 51629[U] [Sup Ct, NY County 2013]; see generally Matter of Leggio v Devine, 34 NY3d 448, 462 [2020]).
DHCR's determinations denying the petitions for administrative review were not arbitrary and capricious. Nor did DHCR commit an error of law in following its own long-standing precedent and determining that the useful life requirement, including the waiver requirement, was not applicable where it is undisputed that the owner had not received an MCI rent increase when the prior intercom systems were installed.
We have considered petitioners' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026