Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 02003)

Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 02003

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 150504/23 Appeal No. 2075 Case No. 2023-03267 

[*1]In the Matter of 101 East 16th Street Realty LLC et al., Petitioners-Respondents,
v
New York State Division of Housing and Community Renewal, Respondent-Appellant.

Letitia James, Attorney General, New York (Kwame N. Akosah of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Robert D. Goldstein and Paul N. Gruber of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered June 13, 2023, granting the petition to annul orders from respondent New York State Division of Housing and Community Renewal (DHCR), dated November 15, 2022, December 2, 2022, and December 6, 2022, which affirmed the Rent Administrator's orders partially denying petitioners' applications for rent increases based upon the installation of major capital improvements (MCI), unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed, without costs.
The court should have denied the petition. As we recently determined in Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal (221 AD3d 440 [1st Dept 2023]), DHCR had a rational basis to conclude that the part K amendments from the Housing Stability and Tenant Protection Act of 2019 (HSTPA) should be applied when considering MCI applications for which there had been no determination as of the HSTPA's effective date. Application of the HSTPA part K amendments affected only the propriety of petitioners' prospective rent increases and had no potentially problematic retroactive effect (see 4040 BA LLC at 440-441; see also Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365 [2020]).
We find no basis to remand to Supreme Court, as petitioners request, for a review of petitioners' unpreserved claim that application of the part K amendments might result in prejudice or undue hardship (see Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]; Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024