Matter of Ahmed v Metropolitan Transp. Auth. (2024 NY Slip Op 06115)

Matter of Ahmed v Metropolitan Transp. Auth.

2024 NY Slip Op 06115

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 151492/22 Appeal No. 3160 Case No. 2024-02141 

[*1]In the Matter of Husam Ahmed, Petitioner-Appellant,
v
Metropolitan Transportation Authority, et al., Respondents-Respondents.

Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Metropolitan Transportation Authority, New York (Jason Douglas Barnes of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered March 6, 2024, denying the petition to annul the determination of the Metropolitan Transportation Authority (MTA) and MTA Defined Benefit Pension Plan (MTADBPP), dated January 25, 2022, which found that petitioner was entitled to Tier 6 status, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
MTA's determination to deny pension credit to petitioner, an officer with the MTA Police Department, for his prior nonuniformed service as a traffic enforcement agent with the New York City Police Department (NYPD) was "supported by a rational basis" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). Letters from the New York City Police Pension Fund (NYCPPF) show that petitioner became a member of the NYCPPF when he joined the NYPD as a uniformed police officer on January 9, 2013. The MTADBPP plan document classifies members who joined on or after April 1, 2012, as Tier 6 and defines "Credited Police Service" to include "any service as a police officer in the [NYCPPF], prior to becoming a [MTADBPP] Participant, which is transferred pursuant to Retirement and Social Security Law [§] 343." The MTADBPP reasonably interpreted this provision to include petitioner's service as a uniformed officer but exclude his nonuniformed service as a traffic enforcement agent.
Although NYPD credited petitioner's nonuniformed service and granted him Tier 2 status in the NYCPPF, petitioner cites no statute or provision of the MTADBPP requiring MTA to do the same. Retirement and Social Security Law § 645 does not apply, because MTADBPP is not among the enumerated "public retirement system[s]" between which the statute authorizes the cross-honoring of a member's start date (see Matter of Accurso v Board of Admin. of Manhattan & Bronx Surface Tr. Operating Auth. Pension Plan, 2003 NY Slip Op 51456[U], *7 [Sup Ct, Kings County 2003], affd 18 AD3d 653 [2d Dept 2005]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024