Matter of Yakuel v New York City Taxi (2025 NY Slip Op 05911)

Matter of Yakuel v New York City Taxi

2025 NY Slip Op 05911

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 154689/23 161865/23|Appeal No. 5029-5030|Case No. 2024-04816, 2024-03051|

[*1]In the Matter of Joseph Yakuel, Petitioner-Appellant,
v
New York City Taxi, et al., Respondents-Respondents.
In the Matter of Meir Yakuel, Petitioner-Appellant,
v
New York City Taxi, et al., Respondents-Respondents.

Fox Rothschild LLP, New York (Thomas P. O'Connor of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered on or about April 15, 2024, denying the petition to annul a determination of respondents, dated October 10, 2023, which denied petitioner Meir Yakuel's application for relief under the Medallion Relief Program of respondent the New York City Taxi and Limousine Commission (TLC), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Judgment (denominated an order), same court and Justice, entered on or about July 9, 2024, granting respondents' motion for leave to renew petitioner Joseph Yakuel's petition to annul a determination of respondents, dated March 27, 2023, which denied petitioner's application for relief under the TLC's Medallion Relief Program and, upon renewal, vacated the order, same court and Justice, dated December 4, 2023, granting the petition, denied that petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents have interpreted Rules of City of New York (35 RCNY) § 58-51(b)(2) broadly, concluding that when assessing eligibility for the Medallion Relief Program, the provision does not restrict respondents to reviewing whether an applicant is the named owner of other medallions. Rather, where an applicant is a business entity, respondents have interpreted the provision to permit review of an applicant's beneficial owners' interests in order to assess whether the applicant "possess[es] an interest" in other medallions. We find that respondents' interpretation is not irrational or unreasonable, and we therefore defer to it (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 164 AD3d 19, 27 [1st Dept 2018], affd 34 NY3d 600 [2019]).
The records in both of these cases provide a rational basis for respondents' conclusions that the "[a]pplicant" was the business entity rather than the individual petitioner (see 35 RCNY 58-03[w], 58-51[b][1]), and that the applicant "possess[ed] an interest" in more than 6 medallions, rendering it ineligible for the program (35 RCNY
58-51[b][2]). Therefore, respondents had a rational basis to deny both petitioners' applications. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025