Edwards v New York City Dept. of Educ. (2024 NY Slip Op 03480)

Edwards v New York City Dept. of Educ.

2024 NY Slip Op 03480

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-01415
 (Index No. 511176/20)

[*1]In the Matter of Raymond S. Edwards, etc., appellant,
v
New York City Department of Education, respondent.

Leonard W. Stewart, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Melanie T. West and Amanda Abata of counsel), for respondent.

DECISION & ORDER
In a proceeding, in effect, pursuant to CPLR article 78, inter alia, to review a determination of a dispute resolution officer dated September 16, 2020, which upheld, without a hearing, the determination of the New York City Department of Education to deny a contract extension to the petitioner, the petitioner appeals from a judgment of the Supreme Court, Kings County (Katherine A. Levine, J.), dated December 10, 2021. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding, in effect, pursuant to CPLR article 78 against the respondent, the New York City Department of Education (hereinafter the DOE), inter alia, to annul a determination of a dispute resolution officer of the DOE, made without a hearing, upholding the DOE's determination to deny a contract extension for one of the petitioner's universal pre-kindergarten facilities. In a judgment dated December 10, 2021, the Supreme Court concluded that the dispute resolution officer's determination was not arbitrary and capricious and, thereupon, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149; see Matter of Peckham v Calogero, 12 NY3d 424, 431). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d at 431). Here, the Supreme Court properly concluded that the challenged determination was not arbitrary and capricious.
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court