Matter of Streeter v New York City Dept. of Envtl. Protection

2026 NY Slip Op 02125

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Michael Streeter, appellant,

v

New York City Department of Environmental Protection, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-06011, (Index No. 268/23)

Angela G. Iannacci, J.P.

Cheryl E. Chambers

Lillian Wan

Janice A. Taylor, JJ.

Cohen & Green PLLC, Ridgewood, NY (J. Remy Green and Regina Yu of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Claude S. Platton and Ian M. Sinclair of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Department of Environmental Protection, in effect, that the petitioner's citizen complaint against an alleged motor vehicle idler under Administrative Code of the City of New York §§ 24-163 and 24-182 was frivolous, the petitioner appeals from an order and judgment (one paper), of the Supreme Court, Kings County (Patria Frias-ColÓn, J.), dated February 16, 2024. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding.

ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.

On February 14, 2023, the petitioner electronically filed a citizen complaint with the New York City Department of Environmental Protection (hereinafter DEP), alleging that, between 11:41 a.m. and 11:45 a.m. on that date, he had observed an identified commercial vehicle idling in excess of three minutes on Willoughby Street between Albee Square West and Flatbush Avenue in Brooklyn. The same day, the petitioner electronically filed a second citizen complaint, alleging that, between 11:52 a.m. and 11:56 a.m., he had observed the same vehicle, in the same location, idling for more than three minutes. The first complaint was accepted and pursued by the DEP. However, the petitioner received an error message when attempting to file the second complaint, indicating that the complaint was a duplicate. The petitioner thereafter corresponded with the DEP in an attempt to have the second complaint accepted on the basis that the vehicle had moved "a truck's length" after the first idling incident. The DEP advised the petitioner that because the same vehicle was observed idling at the same address, a second complaint, in effect, was frivolous and would not be accepted.

The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the DEP's determination, in effect, that the second complaint was frivolous and to compel the DEP to provide him with a summons form to allow him to self-prosecute the second complaint. In an order and judgment dated February 16, 2024, the Supreme Court, among other things, denied the petition and dismissed the proceeding. The petitioner appeals.

"In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Edwards v New York City Dept. of Educ., 228 AD3d 935, 936 [internal quotation marks omitted]; see Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Edwards v New York City Dept. of Educ., 228 AD3d at 936). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of Edwards v New York City Dept. of Educ., 228 AD3d at 936).

With exceptions not applicable here, section 24-163(a) of the Administrative Code of the City of New York (hereinafter Administrative Code) prohibits vehicles from idling for more than three minutes. "Any natural person" is permitted to serve a complaint on the DEP alleging that this Administrative Code provision has been violated (id. § 24-182[a]). In response, the DEP may bring a proceeding against the alleged violator before the Office of Administrative Trials and Hearings (hereinafter OATH), and if the DEP prevails, the citizen complainant is entitled to 25% of any civil penalty imposed on the violator (see id. at § 24-182[d]). A citizen complainant can self-prosecute before OATH in the event that the DEP fails to serve a notice of violation for the violation alleged in the complaint and fails to notify the complainant in writing of its determination that the complaint is "frivolous or duplicitous" (id. at § 24-182[b]).

Here, the DEP's determination, in effect, that the petitioner's second complaint was frivolous was not arbitrary and capricious (see Matter of Welde v New York City Dept. of Envtl. Protection, 237 AD3d 631, 633). The conduct alleged in the petitioner's two complaints concerned the same vehicle, idling at the same address, at 11:41 a.m. and 11:52 a.m. It was rational for the DEP to determine that pursuit of the second complaint under these circumstances would be frivolous (see id.).

Furthermore, inasmuch as the petitioner failed to demonstrate that he had a "clear legal right to the relief," the Supreme Court properly denied so much of the petition as sought to compel the DEP to provide him with a summons form to allow him to self-prosecute the second complaint (Matter of Lebowitz v Suffolk County, 237 AD3d 938, 940; see Matter of Bistrian Land Corp. v Lynch, 170 AD3d 1170, 1171). In that respect, written notification to the petitioner that the second complaint was considered duplicative of the first and would not be allowed was sufficient to satisfy Administrative Code § 24-182(b)(2).

Accordingly, we affirm the order and judgment insofar as appealed from.

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court